No. 24-6046

# In the United States Court of Appeals for the Tenth Circuit

S<small>INCERE</small> T<small>ERRY</small>, *et al.*,

    *Plaintiffs-Appellants,*

v.

G<small>ENTNER</small> D<small>RUMMOND</small>, in his official capacity as Attorney General of the State of Oklahoma, *et al.*,

    *Defendants-Appellees.*

On Appeal from the U.S. District Court for the Western District of Oklahoma,

No. 5:22-cv-521, Honorable Charles Goodwin, District Judge

**PLAINTIFFS-APPELLANTS' MOTION TO CERTIFY QUESTION TO THE OKLAHOMA COURT OF CRIMINAL APPEALS AND ABATE APPEAL**

Megan Lambert
Devraat Awasthi
AMERICAN CIVIL LIBERTIES
UNION OF OKLAHOMA
FOUNDATION
P.O. Box 13327
Oklahoma City, OK 73113
(405) 525-3831
mlambert@acluok.org
dawasthi@acluok.org

Jared K. Carter
CORNELL LAW SCHOOL
FIRST AMENDMENT CLINIC
Myron Taylor Hall
Ithaca, NY 14853
(207) 319-6050
jc2537@cornell.edu

*Counsel for Plaintiffs-Appellants*

# INTRODUCTION

Plaintiffs-Appellants in the above captioned appeal respectfully request that this Court certify a question of state law to the Oklahoma Court of Criminal Appeals ("OCCA"), hold the current appeal in abeyance pending a decision on the certified question from the OCCA, and grant Plaintiffs-Appellants leave to file a supplemental opening brief following a decision on the certified question from the OCCA. 10th Cir. R. 27.4. Defendants-Appellees oppose the requested relief.

Plaintiffs-Appellants request that this Court certify to the OCCA the following question:

> Does Okla. Stat. tit. 21 § 1311 require that the State prove that the defendant consciously disregarded a substantial risk that their communications would be viewed as threatening violence toward another in order to convict a defendant for threats constituting riot?

# PROCEDURAL BACKGROUND

The action underlying this appeal is a facial challenge in the United States District Court for the Western District of Oklahoma alleging that the definition of "riot" as set forth in Okla. Stat. tit. 21 § 1311 is unconstitutionally vague and overbroad under the First and Fourteenth Amendments. *See* J.A.(Vol.1).0040-47. The challenged statute defines riot as "[a]ny use of force or violence, or any threat to use force or violence if accompanied by immediate power of execution, by three or more persons acting together and without authority of law." Okla. Stat. tit. 21 § 1311 ("Section 1311"). In the action below, Plaintiffs-Appellants argued that

1

Section 1311 is overbroad in violation of the First Amendment because it extends far beyond the limited and narrow "true threats" exception to the First Amendment right to freedom of speech, thereby subjecting individuals engaged in protected First Amendment conduct to criminal liability. *See* J.A.(Vol.1).0009; J.A.(Vol.1).0061-69. Plaintiffs-Appellants also argued below that Section 1311 is void for vagueness because it lacks a clear *mens rea* standard: the law's lack of a clear intent standard means that ordinary individuals cannot distinguish between what speech and conduct is permitted and what the law prohibits and it encourages arbitrary and discriminatory enforcement. *See* J.A.(Vol.1).0009; J.A.(Vol.1).0069-73. Defendants-Appellees countered that Section 1311 is in fact narrower, not broader, than the true threat doctrine, and that the law contains a *mens rea* standard sufficient to survive a vagueness and overbreadth challenge. *See* J.A.(Vol.2).0210-21.

After the Parties fully briefed Plaintiffs-Appellants' motion to preliminarily enjoin enforcement of Section 1311 and Defendants-Appellees' motion to dismiss, but before either motion was decided, the United States Supreme Court decided a key case clarifying the true threats doctrine under the First Amendment, *Counterman v. Colorado*, 600 U.S. 66 (2023). *Counterman* held that, in true threats cases, the government must show that the "defendant had some subjective understanding of the threatening nature of his statements." *Id.* at 69. Specifically, the government must satisfy a recklessness standard, showing that "the defendant consciously disregarded

a substantial risk that his communications would be viewed as threatening violence." *Id.* Plaintiffs-Appellants filed a notice of supplemental authority with the lower court alerting it to the *Counterman* decision and its implications for their pending action. *See* J.A.(Vol.3).0290.

On February 16, 2024, the lower court denied Plaintiffs-Appellants' motion for preliminary injunction, finding that Plaintiffs-Appellants failed to make the "requisite strong showing of a likelihood of success on the merits" on their overbreadth and vagueness claims. *See* J.A.(Vol.3).0308. As to Plaintiffs-Appellants' overbreadth claim, the district court found that "it is reasonable and readily apparent that the OCCA would construe section 1311 to [] require willfulness and a common intent as to 'any threat to use force or violence.'" J.A.(Vol.3).0317. In light of this finding, the lower court construed Section 1311 as:

> Any use of force or violence, or any threat to use force or violence if accompa[ni]ed by immediate power of execution, by three or more persons acting together, *willfully*, without authority of law, *and sharing a common intent to use force or violence or to unlawfully threaten to use force or violence.*

J.A.(Vol.3).0318 (emphasis added for atextual language) . Applying this narrowed construction of Section 1311, the district court found that the statute does not criminalize a substantial amount of protected speech relative to its legitimate sweep and is therefore not unconstitutionally overbroad. J.A.(Vol.3).0318-21.

3

The district court also found that Plaintiffs-Appellants are unlikely to succeed on the merits of their vagueness claim. *See* J.A.(Vol.3).0321-25. The district court found that its narrowed construction of Section 1311 "provide[s] sufficient notice to peaceful protestors as to what conduct constitutes riot" under the statute. J.A.(Vol.3).0323. The lower court also dismissed Plaintiffs-Appellants' arguments that Section 1311 authorizes or encourages discriminatory enforcement and that the legislative history of the 2021 amendments to the state's riot statute further invites discriminatory enforcement of Section 1311 and related laws. J.A.(Vol.3).0323-25.

Plaintiffs-Appellants timely appealed the denial of their motion for preliminary injunction to this Court on March 15, 2024. *See* J.A.(Vol.3).0326. Concurrent to the filing of this motion to certify, Plaintiffs-Appellants also filed their opening brief on the merits in this appeal.

## ARGUMENT

### I. CERTIFICATION IS APPROPRIATE.

Certification to the OCCA is warranted because the outcome of this appeal turns on the answer to the proposed certified question, and because the requisite *mens rea* for a riot conviction on the basis of threats under Section 1311 is a novel question for Oklahoma state courts. This Court has held that it will certify questions to state courts when the question "may be determinative of the case at hand" and "is sufficiently novel." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007).

4

And Oklahoma law expressly allows for certification "if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals." Okla. Stat. tit. 20, § 1602.[1] Here, the certification standards for both this Court and the Oklahoma courts are satisfied, as explained further below.

### A. The Proposed Certified Question To Clarify The *Mens Rea* Requirements Of Section 1311 Under Oklahoma State Law Is Dispositive To The Outcome Of This Appeal.

The proposed certified question[2] centers around whether, under Oklahoma state law, Section 1311 incorporates the standard set forth in *Counterman* and required under the First Amendment. *See McKesson v. Doe*, 141 S. Ct. 48, 51 (2020) ("[C]ertification would ensure that any conflict in this case between state law and the First Amendment is not purely hypothetical."); *Kansas Jud. Rev. v. Stout*, 519 F.3d 1107 (10th Cir. 2008) (certifying questions regarding state law challenged on overbreadth and vagueness grounds). The question played a central role in the district court's decision and is determinative to the pending appeal.

---

[1] The standards for certification under the federal rules and state law are nearly identical, and so are addressed together below. *See Siloam Springs Hotel, LLC v. Century Surety Co.*, 392 P.3d 262 (Okla. 2017) ("All that is required for us to answer a certified question is that the response be determinative of a single issue in the cause and that no controlling state law exist." (citation omitted)).

[2] The proposed certified question is: "Does Okla. Stat. tit. 21 § 1311 require that the State prove that the defendant consciously disregarded a substantial risk that their communications would be viewed as threatening violence toward another in order to convict a defendant for threats constituting riot?"

Drawing from OCCA cases involving the use of force and violence (rather than *threats* of force or violence), the district court found that "it is reasonable and readily apparent that the OCCA would construe [S]ection 1311 to [] require willfulness and a common intent as to 'any threat to use force or violence.'" J.A.(Vol.3).0317. In other words, the district court adopted a narrowing construction of Section 1311 based on an interpretation of OCCA precedent, importing a "willfulness" and "common intent" requirement into the statute. The district court's narrowing interpretation of Section 1311 was determinative to its findings that Plaintiffs-Appellants failed to make the requisite strong showing of a likelihood of success on the merits of their overbreadth and their vagueness claims. *See* J.A.(Vol.3).0321, 0323.

The Parties disagree about whether the district court's construction of Section 1311 is "reasonable and readily apparent" from Oklahoma state law. Plaintiffs-Appellants assert that this construction is not reasonable and readily apparent from the text of the statute, OCCA caselaw, and the historical context. Defendants-Appellees, on the other hand, assert that the district court's construction is consistent with OCCA precedent. Certifying the proposed question to the OCCA would resolve this disagreement and provide guidance to this Court regarding ultimate resolution of this appeal. Therefore, the requirement that the certified question be

"determinative," under both the federal rules and state law, is satisfied. *See Pino*, 507 F.3d at 1236; *Siloam Springs Hotel*, 392 P.3d at 266.

> **B.   The Proposed Certified Question Is Sufficiently Novel And Subject To No Controlling State Law Because The OCCA Has Never Explicitly Clarified The *Mens Rea* Requirements Of Section 1311 In The Context Of Threats.**

Certification is also appropriate here because the proposed certified question is sufficiently novel as required under the federal rules, *Pino*, 507 F.3d at 1236, and because the proposed certified question is subject to "no controlling state law" under Oklahoma law, *Siloam Springs Hotel*, 392 P.3d at 266. No controlling decisions from the OCCA exist to clarify the *mens rea* requirements of Section 1311 in threats cases. Most of the OCCA cases on which the district court (and the Parties) rely are decades old, far predating the Supreme Court's true threats doctrine. Critically, none directly answer the question of what *mens rea* Section 1311 requires to convict an individual for making threats. The OCCA has largely construed Section 1311 broadly and *without* a mens rea element. The district court's analysis of caselaw erroneously relied on charging documents rather than court opinions to support its narrowing construction and extrapolated from decisions regarding actual acts of violence to the prosecution of mere threats. These errors are addressed in detail in Plaintiffs-Appellants' opening merits brief filed concurrent with this motion.

And, to Plaintiffs-Appellants' knowledge, no Oklahoma state courts have addressed Section 1311 in light of the Supreme Court's recent *Counterman* decision.

7

What's more, Oklahoma law reveals substantial ambiguity in the meaning of the terms "willfully" and "common intent" as used in the district court's narrowing construction – leaving the district court's construction short of what *Counterman* and the First Amendment require.[3]

Certifying the proposed question to the OCCA would therefore give the OCCA an opportunity to clarify the *mens rea* requirements of threats cases under Section 1311 – a novel and critical question to answer. Therefore, the requirements that the certified question be "sufficiently novel" under the federal rules, *Pino*, 507 F.3d at 1236, and that the certified question be subject to "no controlling state law" under Oklahoma law, *Siloam Springs Hotel*, 392 P.3d at 266, are satisfied.

## II. ABATEMENT OF THE CASE PENDING THE OCCA'S DECISION OF THE CERTIFIED QUESTION IS APPROPRIATE.

Plaintiffs-Appellants also request that this Court hold the current appeal in abeyance pending a decision on the certified question from the OCCA and allow Plaintiffs-Appellants to file a supplemental opening brief following a decision on the certified question from the OCCA.

This Court's rules provide that, when a question is certified, the Court may "abate the case in this court to await the state court's decision of the certified

---

[3] As discussed further in Plaintiffs-Appellants' opening merits brief filed concurrent with this motion, Plaintiffs-Appellants also assert that the district court erred in finding that its narrowing construction of Section 1311 comports with the *Counterman* standard and, consequently, with the First Amendment.

8

question." 10th Cir. R. 27.4(A)(2). Abatement of this appeal until the OCCA responds to the certified question will promote judicial economy because it will prevent the use of this Court's resources on a matter that may be resolved by the OCCA's adoption of a narrowing construction consistent with the First and Fourteenth Amendments. Indeed, this Court commonly orders abatement alongside certification. *See, e.g., Consol. Grain & Barge Co. v. Structural Sys., Inc.*, 279 Fed. Appx. 736 (10th Cir. 2008); *Hamilton v. Northfield Ins. Co.*, 761 Fed. Appx. 794 (10th Cir. 2019); *Sinclair Wyo. Ref. Co. v. Infrassure, Ltd.*, 815 Fed. Appx. 248 (10th Cir. 2020).

## CONCLUSION

For these reasons, Plaintiffs-Appellants request that the Court certify the proposed question to the OCCA for resolution and hold the current appeal in abeyance pending a decision on the certified question from the OCCA. Plaintiffs-Appellants further request that, when the OCCA issues a decision, they receive leave to file a supplemental opening brief on the merits of the appeal not to exceed 3,000 words.

Respectfully Submitted,

*/s/ Megan Lambert*

| | |
|---|---|
| Jared K. Carter | Megan Lambert |
| CORNELL LAW SCHOOL | Devraat Awasthi |
| FIRST AMENDMENT CLINIC | AMERICAN CIVIL LIBERTIES |
| Myron Taylor Hall | UNION OF OKLAHOMA |
| Ithaca, NY 14853 | FOUNDATION |
| (207) 319-6050 | P.O. Box 13327 |
| jc2537@cornell.edu | Oklahoma City, OK 73113 |
| | mlambert@acluok.org |
| | dawasthi@acluok.org |

Dated: May 6, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, I filed a true and correct copy of the foregoing with the Clerk of the United States Court of Appeals for the Tenth Circuit by using the appellate case filing CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Megan Lambert*
Megan Lambert